| | |
|---|---|
| 1 | Jeffrey L. Fazio (State Bar No. 146043) |
| | Dina E. Micheletti (State Bar No. 184141) |
| 2 | FAZIO | MICHELETTI LLP |
| | 4900 Hopyard Road, Suite 290 |
| 3 | Pleasanton, CA 94588-7100 |
| | Telephone: 925-469-2424 |
| 4 | Telecopier: 925-369-0344 |
| 5 | Elizabeth J. Cabraser (State Bar No. 83151) |
| | Lisa J. Leebove (State Bar No. 186705) |
| 6 | Henry John Gutierrez (State Bar No. 235406) |
| | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |
| 7 | Embarcadero Center West |
| | 275 Battery Street, 30th Floor |
| 8 | San Francisco, CA 94111-3339 |
| | Telephone: 415-956-1000 |
| 9 | Facsimile: 415-956-1008 |
| 10 | JONATHAN W. CUNEO |
| | MICHAEL G. LENETT |
| 11 | JON TOSTRUD (State Bar No. 199502) |
| | CUNEO GILBERT & LaDUCA, LLP |
| 12 | 507 C Street, N.E. |
| | Washington, D.C. 20002 |
| 13 | Telephone: 202.789.3960 |
| | Telecopier: 202.789.1813 |
| 14 | |
| 15 | Attorneys for Plaintiffs |

FILED
'06 JAN 25 PM 3:16
RICHARD W. WIEKING
[CLERK] U.S. DISTRICT COURT
N.D. OF CALIFORNIA
E-Filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BZ

C 06 0497

| | |
|---|---|
| CASEY SNYDER and DESIREE DAHM, on behalf of themselves and all others similarly situated, | No. _____ |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |
| FORD MOTOR COMPANY, and DOES 1-100, inclusive, | |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiffs Casey Snyder and Desiree Dahm, on behalf of themselves and all others similarly situated, allege on information and belief as follows:

## PARTIES

1. Plaintiff Casey Snyder is a California resident who purchased a 2003 model-year Ford Focus for personal use, and he continues to own that vehicle. The ignition lock in Plaintiff Snyder's Focus has failed as a result of the defect described in Paragraphs 9 through 13, below.

2. Plaintiff Desiree Dahm is a California resident who purchased a 2000 model-year Ford Focus for personal use, and who continues to own that vehicle. The ignition lock in Plaintiff Dahm's Focus has failed as a result of the defect described in Paragraphs 9 through 13, below.

3. Defendant Ford Motor Company is a corporation that was created under the laws of the state of Delaware and its principal place of business is located in Dearborn, Michigan. Ford manufactures and distributes for sale the vehicles that are the subject of this lawsuit.

4. Plaintiffs are unaware of the true names and capacities of Does 1 through 100 and sues them by fictitious names. Plaintiffs will amend this Complaint to include these Doe defendants' true names and capacities when they are ascertained. Each Doe defendant is responsible in some manner, including without limitation, as aiders and abettors, for the conduct alleged in this Complaint.

5. At all times mentioned in this Complaint, each and every defendant was an agent, representative, or employee of each and every other defendant and in doing the things alleged in this Complaint, each and every defendant was acting within the course and scope of such agency, representation or employment and was acting with the consent, permission and authorization of each of the remaining defendants. Each defendant's actions alleged in this Complaint were ratified and approved by the other defendants and their respective officers, directors, or managing agents.

-1-

COMPLAINT

## JURISDICTION

6. This Court has diversity jurisdiction over the claims asserted herein on behalf of a statewide class pursuant to 28 U.S.C. section 1332, as amended in February 2005 by the Class Action Fairness Act. Jurisdiction over Ford is proper because it has purposefully availed itself of the privilege of conducting business activities within the State of California by selling or leasing the vehicles to Plaintiffs and the members of the proposed class and, further, generally maintained systematic and continuous business contacts with the State.

## VENUE

7. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391, as a substantial part of the events giving rise to the claims asserted herein occurred in this district.

## GENERAL ALLEGATIONS

8. Plaintiffs bring this action for monetary damages and equitable/injunctive relief on behalf of themselves and all similarly-situated persons and entities who (a) reside in California and who currently own or lease Ford Focus vehicles that were manufactured for sale within the 2000 through 2003 model years ("Class Vehicle") and/or (b) who paid to repair or replace an ignition lock in a Class Vehicle (collectively, the "Class").

9. Commencing in the 2000 model year and continuing though at least the 2003 model year, Ford manufactured, marketed, distributed and sold Ford Focus vehicles whose ignition locks have an inordinate propensity to fail prematurely, despite the fact that they are designed to last for the life of the vehicle without the need for service or maintenance (the "Ignition Lock Defect"). As a result of the Ignition Lock Defect, it is inordinately difficult or impossible to insert the key into the ignition switch or to start Class Vehicles' engines.

10. Plaintiffs are informed and believe that Ford knew that Class Vehicles were affected by the Ignition Lock Defect well before it sold the first Class Vehicle in late 1999 (the beginning of

-2-

**COMPLAINT**

the 2000 model year). During the investigation that preceded the filing of this lawsuit, Plaintiffs discovered that Ford issued a Technical Service Bulletin in or about September 2002, in which it acknowledged that Class Vehicles were affected ignition locks that prevented the key from being inserted into them, but failed to mention the existence of the Ignition Lock Defect.

11. When an ignition lock fails, it becomes difficult or impossible to insert the key into the ignition switch, hence it becomes difficult or impossible to start the vehicle's engine. For example, when Plaintiff Snyder experienced the Ignition Lock Defect, he contacted a local Ford dealer whose service department told him that the Ignition Lock Defect is a widespread problem. The Ford dealer then told Plaintiff Synder that the only way to avoid paying the approximately $500 cost of replacing the ignition lock was to "hammer" the key into the ignition switch.

12. Plaintiffs are informed and believe that Ford knows and has known about the Ignition Lock Defect, but has actively concealed and/or intentionally failed to disclose information about the Ignition Lock Defect from Plaintiffs and the class they propose to represent in this action. Ford has wrongfully refused to bear t beyond the warranty period the cost of replacing the ignition locks in Class Vehicles, despite its knowledge of the Lock Defect when it placed Class Vehicles into commerce, and despite the fact that the Ignition Lock Defect affects replacement ignition locks as well, thereby requiring Class Members to bear the substantial costs associated with repairing the problem multiple times.

13. Plaintiffs are also informed and believed that Ford knows that the Ignition Lock Defect has put consumers at risk of being stranded in circumstances that can imperil their safety. For example, consumers who have written to the Center for Auto Safety about their experiences with the Ignition Lock Defect have complained that the inability to start their vehicle has left them stranded in freezing weather, in unsafe locations after nightfall, and in other dangerous circumstances. (See http://autosafety.org/getconsumercomplaints.php.)

-3-

COMPLAINT

## STATUTES OF LIMITATION

14. Any applicable statutes of limitation have been tolled by Ford's knowing and active concealment, denial and/or misleading actions with respect to the facts alleged herein. Ford has kept Plaintiffs and the members of the proposed class ignorant of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part. Plaintiffs and Class Members could not reasonably have discovered the defective nature of the Class Vehicles' ignition locks, its widespread nature, or what Ford knew about any of the issues and facts described herein.

15. Ford was and is under a continuous duty to disclose to the Plaintiff and the Class the true character, quality, and nature of the Class Vehicles and to disclose the existence of the Ignition Lock Defect. Ford knowingly, affirmatively, and actively concealed the true character, quality, and nature of the ignition locks at issue, and the concealment is ongoing. Based on the foregoing, Ford is estopped from relying on any statues of limitation in defense of this action.

16. The causes of action alleged herein did or will accrue only upon discovery of the Ignition Lock Defect and Ford's fraudulent concealment thereof. Because, *inter alia*, Ford took steps to conceal the Ignition Lock Defect, Plaintiff and members of the Class did not discover and could not have discovered through the exercise of reasonable diligence the true nature of the Class Vehicles' ignition locks.

## CLASS ALLEGATIONS

17. Plaintiffs bring this class action pursuant to the provisions of Federal Rule of Civil Procedure 23 and/or California Civil Code section 1781, on behalf of themselves and all other persons similarly situated.

18. The Class that Plaintiffs seek to represent is defined as all persons and entities residing in California who (a) currently own or lease a Class Vehicle and (b) all persons who paid to repair or replace the ignition lock in a Class Vehicle while residing in California, regardless of

-4-

COMPLAINT

whether they still own or lease that vehicle. The proposed Class also includes subclass comprising all Class Members who are "consumers" within the meaning of California Civil Code section 1761(d) (the "CLRA Subclass").

19. Excluded from the Class are the following:

    a.    Ford, its subsidiaries and affiliates, officers, directors, and employees;

    b.    persons who have suffered physical injury that was proximately caused by the Ignition Lock Defect; and

    c.    persons who have settled with and validly released Ford from separate, non-class legal actions against Ford based on the conduct alleged herein.

20. There are tens of thousands of current and former owners and lessees of Class Vehicles. The Class is, therefore, so numerous and geographically dispersed that joinder of all members in one action is impracticable.

21. Ford has acted with respect to Plaintiffs and the Class members in a manner generally applicable to each of them. There is a well-defined community of interest in the questions of law and fact involved, which affect all class members. The questions of law and fact common to the class predominate over the questions that may affect individual class members, including the following:

    a.    whether and when Ford knew of the defective nature of the ignition locks it installed in Class Vehicles;

    b.    whether the Ignition Lock Defect affects all Class Vehicles;

-5-

COMPLAINT

c. whether the ignition locks in Class Vehicles are defective in that they are substantially certain to fail under ordinary use conditions well in advance of their expected useful life;

d. whether Ford actively concealed or intentionally failed to disclose information regarding the defective ignition locks in connection with the sale and advertising of the Class Vehicles;

e. whether the information Ford concealed or failed to disclose was material;

f. whether Ford was under a duty to inform Plaintiffs and the Class about the true defective nature of the ignition locks;

g. whether the ignition locks in Class Vehicles are substantially certain to fail prematurely in advance of their expected useful life;

h. whether Ford has been unjustly enriched such that it would be inequitable for Ford to retain the benefits conferred upon it by Plaintiffs and the Class and/or CLRA Subclass;

i. whether compensatory, consequential and punitive damages should be awarded to Plaintiffs and the Class;

j. whether Ford should be declared responsible for notifying all Class members of the defective nature of the ignition locks;

k. whether Ford should be declared financially responsible for the costs and expenses of replacing the ignition locks in Class Vehicles; and

-6-

COMPLAINT

l.  whether other relief is appropriate and what that relief should be.

22. Plaintiffs' claims are typical of the claims of all Class members.

23. Plaintiffs will fairly and adequately represent and protect the interests of the Class, and do not have interests that are antagonistic to or in conflict with those they seek to represent.

24. Plaintiffs have retained counsel who have considerable experience in the prosecution of class actions and other forms of complex litigation.

25. In view of the complexity of the issues and the expense that an individual plaintiff would incur if he or she attempted to obtain relief from a large, transnational corporation such as Ford, the separate claims of individual class members are monetarily insufficient to support separate actions. Because of the size of the individual Class members' claims, few, if any, Class Members could afford to seek legal redress for the wrongs complained of in this Complaint.

26. The Class and CLRA Subclass are readily definable, and prosecution as a class action will eliminate the possibility of repetitious litigation and will provide redress for claims too small to support the expense of individual, complex litigation. Absent a class action, Class Members will continue to suffer losses, Ford's violations of law will be allowed to proceed without a full, fair, judicially supervised remedy, and Ford will retain sums received as a result of its wrongdoing. A class action therefore provides a fair and efficient method for adjudicating this controversy.

27. The prosecution of separate claims by individual class members would create a risk of inconsistent or varying adjudications with respect to thousands of individual class members, which would, as a practical matter, dispose of the interests of the class members not parties to those

COMPLAINT

separate actions or would substantially impair or impede their ability to protect their interests and enforce their rights.

28. The proposed Class and Subclasses satisfy the certification criteria of Federal Rule of Civil Procedure 23 and, to the extent applicable, California Code of Civil Procedure section 382 and California Civil Code section 1781.

**FIRST CAUSE OF ACTION**

(Fraudulent Concealment/Nondisclosure)

29. Plaintiffs incorporate by reference the allegations contained in preceding paragraphs of this Complaint.

30. At all times relevant herein, Ford knew that the ignition locks it installed in Class Vehicles fail prematurely.

31. Ford intentionally concealed from and/or failed to disclose to Plaintiffs, the Class, and all others in the chain of distribution the true nature of the ignition locks it installed in Class Vehicles.

32. Ford fraudulently and actively concealed the nature of the Ignition Lock Defect from Plaintiffs and Class Members by engaging in the conduct alleged in Paragraphs 8 through 16 of this Complaint.

33. Ford had a duty to disclose to Plaintiffs the facts pertaining to the Ignition Lock Defect by virtue of (a) Ford's knowledge that Plaintiffs were not reasonably likely to discover the facts about the Ignition Lock Defect because such facts were known by and accessible only to Ford; (b) Ford's

-8-

active concealment of those facts from Plaintiffs and members of the class; and (c) Ford's statutory and common-law obligations to disclose product defects to the consumers of those products.

34. Despite its duty to disclose the material facts set forth in this Complaint, Ford actively concealed and suppressed those facts with the intent of defrauding Plaintiffs and the class members. Plaintiffs and the class members were unaware of those facts, and would not have acted as they did if they had known of the facts Ford actively concealed and suppressed; for example, had those facts been disclosed, Plaintiff and other class members could have chosen to purchase a non-defective vehicle from one of Ford's many competitors, or could have made an informed decision about whether to purchase the defective vehicles for a price that would have accounted for the need to correct the Ignition Lock Defect.

35. As a proximate result of Ford's concealment and suppression of material facts, Plaintiffs and the class they seek to represent have sustained damage by, *inter alia*, paying more for their vehicles than the market would bear had the Ignition Lock Defect been disclosed and the cost of replacing the ignition locks and out-of-pocket expenses associated therewith. The willful and deliberate nature of Ford's conduct also entitles Plaintiffs and each class member an award of punitive damages. The total amount of damages suffered by Plaintiffs and members of the class will be proved at trial.

## SECOND CAUSE OF ACTION

(Unjust Enrichment)

36. Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

37. By engaging in the conduct described in Paragraphs 8 through 16 of this Complaint, Ford has been unjustly enriched by, *inter alia*, (a) its sale of the Class Vehicles at inflated prices as

-9-

a result of concealing the Ignition Lock Defect, (b) avoiding the costs associated with a recall and replacement campaign, and (c) the sale of replacement ignition locks.

38. As a proximate result of Ford's conduct, Ford obtained secret profits by which it became unjustly enriched at Plaintiffs and the Class Members' expense. It would be unfair for Ford to retain the profits it has unjustly earned at the expense of the Plaintiffs and the Class.

39. Accordingly, Plaintiffs and the Class seek an order establishing Ford as a constructive trustee of the profits that served to unjustly enrich Ford, together with interest during the period in which Ford has retained such funds, and requiring Ford to disgorge those funds to Plaintiffs and members of the Class in a manner to be determined by the Court.

## THIRD CAUSE OF ACTION

(Deceptive Practices in Violation of the Consumers Legal Remedies Act)

40. Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

41. This cause of action is brought pursuant to the Consumers Legal Remedies Act ("CLRA"), Civ. Code § 1750, *et seq.* The acts and practices described in this Complaint were intended to result in the sale of motor vehicles to the consuming public. Ford's acts and practices violated, and continue to violate, the CLRA in at least the following respects:

    a. representing that Class Vehicles have characteristics, uses or benefits that they do not have, in violation of Civil Code section 1770(a)(5);

    b. representing that Class Vehicles are of a particular standard, quality or grade when they are of another, in violation of Civil Code section 1770(a)(7); and

-10-

COMPLAINT

1    c.   advertising goods with the intent not to sell them as advertised, in violation of
2   Civil Code section 1770(a)(9).

4    42.   Pursuant to Section 1782 of the CLRA, Plaintiffs have notified Ford in writing of the particular violations of the CLRA (the "Notice") and have demanded that Ford correct, repair or replace the defective ignition locks it installed in Class Vehicles, or otherwise rectify the Ignition Lock Defect. On January 25, 2006, Plaintiffs sent the Notice by certified mail, return-receipt requested to Ford's principal place of business. To the extent Ford declines to respond affirmatively to the Notice, Plaintiffs will amend this Complaint to include a request for actual, statutory, and punitive damages under the CLRA.

   43.   Plaintiffs seek and are entitled to an order of restitution to all CLRA subclass members all moneys Ford wrongfully obtained, and an order enjoining Ford's wrongful acts and practices, including, but not limited to, an order requiring Ford to give notice to the consuming public of the true nature and scope of the Ignition Lock Defect, and to disgorge ill-gotten gains, as well as any other relief that the Court deems just and proper.

**FOURTH CAUSE OF ACTION**

(Unfair, Fraudulent, and Unlawful Business Practices
in Violation of the Unfair Competition Law)

   44.   Plaintiffs reallege and incorporate by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

   45.   By committing the acts and practices alleged in Paragraphs 8 through 16, Ford has engaged in other deceptive, unfair and unlawful business practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17209 ("UCL") as to the Class as a whole. Ford's violations of the UCL include, but are not limited to, actively concealing the defective nature of the ignition locks in Class Vehicles.

-11-

**COMPLAINT**

46. These violations of the UCL continue to this day. As a direct and proximate result of Ford's violations of the UCL, Plaintiffs and all members of the Class have suffered actual damages in that they own Class Vehicles with defective ignition locks that have required and/or do presently require replacement, and many have paid to repair or replace the ignition locks in their vehicles.

47. Pursuant to Section 17203 of the UCL, Plaintiffs and the Class seek an order of this Court enjoining Ford from continuing to conceal the defective nature of the ignition locks in Class Vehicles and from continuing to falsely represent, by its words and conduct, that the ignition locks are not defective. Plaintiffs and the Class also seek an order enjoining Ford from failing and refusing to make full restitution of all moneys wrongfully obtained from these violations of the UCL, (ii) disgorging to Plaintiffs and the Class all ill-gotten revenues and/or profits earned or retained as a result of these violations of the UCL, (iii) extending the warranty on the ignition locks; and (iv) compelling Ford to pay to replace the defective ignition locks and repair any additional damage to the Class Vehicles free of charge, plus attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief in this Complaint as follows:

1. For an order certifying that the action may be maintained as a class action, on behalf of the proposed Class and any Subclass(es) the Court may deem appropriate;

2. For an order enjoining Ford from failing and refusing to make full restitution of all moneys wrongfully obtained and disgorging all ill-gotten revenues and/or profits earned or retained as a result of the conduct described herein;

-12-

COMPLAINT

3. For the imposition of an asset freeze and a constructive trust over all moneys unlawfully obtained through Ford's unfair, unlawful, fraudulent and deceptive acts and practices, which, if allowed to be retained, would unjustly enrich Ford and/or would be dissipated beyond the jurisdiction of this Court;

5. For an order extending the warranty on all ignition locks installed in Class Vehicles for the life of the vehicle;

6. For an injunction requiring Ford to pay to replace the ignition locks installed in Class Vehicles and to repair any additional damage to the Class Vehicles free of charge;

7. Monetary damages, including but not limited to any compensatory, incidental or consequential damages commensurate with proof at trial for the acts complained of herein;

8. Punitive damages in accordance with proof and in an amount consistent with applicable precedent;

9. A declaration that Defendant must disgorge, for the benefit of the Class members, all or part of its ill-gotten profits it received from Class Members for the sale or lease of vehicles equipped with defective ignition locks, both as original equipment on the Class Vehicles and as replacement parts, and/or to make full restitution to Plaintiffs and the members of the Class for any costs incurred by the Class that resulted from the Ignition Lock Defect;

10. For an award of attorney fees;

11. For an award of costs;

12. For pre- and post-judgment interest on any amounts awarded;

-13-

COMPLAINT

1   13.   All other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs and the Class demand a jury trial in this action for all the claims so triable.

DATED: January 23, 2006

By _____
Jeffrey L. Fazio (SBN 146043)

Elizabeth J. Cabraser (State Bar No. 83151)
Lisa J. Leebove (State Bar No. 186705)
Henry John Gutierrez (State Bar No. 235406)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: 415-956-1000
Facsimile: 415-956-1008

Jonathan W. Cuneo
Michael G. Lenett
Jon Tostrud (SBN 199502)
CUNEO GILBERT & LaDUCA, LLP
507 C Street, N.E.
Washington, D.C. 20002
Telephone: 202.789.3960
Telecopier: 202.789.1813

Dina E. Micheletti (SBN 184141)
FAZIO | MICHELETTI LLP
4900 Hopyard Road, Suite 290
Pleasanton, CA 94588-7100
Telephone: 925-469-2424
Telecopier: 925-369-0344

Attorneys for Plaintiffs

-14-

**COMPLAINT**