IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY SNYDER et al., | No. C-06-0497 MMC |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS; VACATING HEARING** |
| v. | |
| FORD MOTOR COMPANY, | (Docket No. 23) |
| Defendant. | |

Before the Court is defendant Ford Motor Company's ("Ford") motion, filed June 29, 2006, to dismiss the instant action, pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, or, in the alternative, for a more definite statement, pursuant to Rule 12(e). Plaintiffs Casey Snyder, Richard Smith, and Jesse Scott (collectively, "plaintiffs") have filed opposition to the motion; Ford has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b), VACATES the August 25, 2006 hearing, and rules as follows.

**BACKGROUND**

The instant action is a purported class action for damages and injunctive relief against Ford on behalf of a class consisting of all persons who "(a) reside in California and who currently own or lease Ford Focus vehicles that were manufactured for sale within the

2000 through 2006 model years ('Class Vehicle') and/or (b) who paid to repair or replace an ignition lock in a Class Vehicle," regardless of whether they still own or lease that vehicle and regardless of whether they continue to reside in California. (See Second Amended Complaint ("SAC") ¶¶ 9, 21.)

Plaintiffs allege Ford has manufactured, marketed, distributed and sold "Ford Focus vehicles whose ignition locks have an inordinate propensity to fail prematurely, making it inordinately difficult or impossible to insert the key into the ignition switch or to start Class Vehicles' engines, despite the fact that they are designed to last for the life of the vehicle without the need for service or maintenance." (See id. ¶ 10.) Plaintiffs further allege said "Ignition Lock Defect" puts consumers at risk of being stranded in circumstances that can imperil their safety. (See id. ¶ 11.)

Plaintiffs further allege Ford officers and employees were aware, before Ford began to offer the Focus for sale in the 2000 model year, that the Ignition Lock Defect would cause Ford Focus ignition locks to fail prematurely. (See id. ¶ 12.) Plaintiffs allege that Ford "intentionally failed to disclose and/or actively concealed" the Ignition Lock Defect from them. (See id. ¶ 12.). Additionally, plaintiffs allege, "Ford knew that the Ignition Lock Defect would cause substantial numbers of Focus ignition locks to fail outside the 36-month/36,000-mile limited warranty" and "has wrongfully refused to bear the cost of repair and replacement beyond the warranty period . . . despite its knowledge of the Ignition Lock Defect when it placed Class Vehicles into commerce, and despite the fact that the Ignition Lock Defect affects replacement ignition locks as well, thereby requiring Class Members to bear the substantial costs associated with repairing the problem multiple times." (See id. ¶ 17.) Lastly, plaintiffs allege that Ford, "[h]aving concealed the information it possessed about the Ignition Lock Defect," deprived class members "of the ability to make an informed decision about purchasing or leasing Class Vehicles, and also deprived them of the ability to bargain for compensation . . . for the existence of the Ignition Lock Defect." (See id. ¶ 17.)

Plaintiffs assert claims against Ford for (1) declaratory relief; (2) fraudulent

concealment/nondisclosure; (3) unjust enrichment; (4) deceptive practices in violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq.; and (5) unfair, fraudulent, and unlawful conduct in violation of § 17200 of the California Business and Professions Code.

## LEGAL STANDARDS

### A.  Rule 9(b)

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  See Fed. R. Civ. P. 9(b).  Rule 9(b) serves to give defendants adequate notice to allow them to defend against a charge of fraud and to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from "unilaterally imposing upon the court, the parties, and society enormous social and economic costs absent some factual basis."  See In re Stac Electronics Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996) (quoting Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)).

To comply with Rule 9(b), a plaintiff must plead "with particularity" the time and place of the fraud, the statements made and by whom made, an explanation of why or how such statements were false or misleading when made, and the role of each defendant in the alleged fraud.  See In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547-49 and n.7 (9th Cir. 1994) (en banc); Lancaster Community Hospital v. Antelope Valley Hospital District, 940 F.2d 397, 405 (9th Cir. 1991); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (holding Rule 9(b) requires a plaintiff to "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation").

Where the allegations in support of a claim fail to satisfy the heightened pleading requirements of Rule 9(b), the claim is subject to dismissal.  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  Dismissal for failure to comply with Rule 9(b) "should ordinarily be without prejudice . . . if it appears at all possible that the plaintiff can

1 correct the defect." See id. at 1108 (internal quotation and citation omitted).

**B.  Rule 12(e)**

Pursuant to Rule 12(e), a party may move for a more definite statement where the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading[.]" See Fed. R. Civ. P. 12(e).

**DISCUSSION**

Ford argues that the instant complaint is subject to dismissal because all of plaintiffs' claims are "grounded in fraud" and plaintiffs have not pleaded the asserted fraud with the particularity required by Rule 9(b).

Where a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim . . . , the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." See Vess, 317 F.3d at 1103-04.

The elements of a cause of action for fraud "based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." See Lovejoy v, AT&T Corp., 119 Cal. App. 4th 151, 157-58 (2004).  Here, plaintiffs allege that (1) Ford was aware of the Ignition Lock Defect before it offered the Focus for sale to the public; (2) Ford intentionally concealed that information from plaintiffs; (3) Ford was under a duty to disclose to plaintiffs "the true character, quality, and nature of the Class Vehicles and to disclose the existence of the Ignition Lock Defect"; (4) because of Ford's concealment, plaintiffs did not discover and could not have discovered the Ignition Lock Defect through the exercise of reasonable diligence; and (5) Ford thereby deprived plaintiffs of the ability to make an informed decision about purchasing or leasing a Focus vehicle and deprived them

of the ability to bargain for compensation for the Ignition Lock Defect.  (See SAC ¶¶ 12, 17, 19.)  Each cause of action asserted in the Second Amended Complaint incorporates by reference each of the above allegations.  (See SAC ¶¶ 31, 36, 43, 47, 52.)  Accordingly, the Court finds that each cause of action is "grounded in fraud" and that each cause of action must be pleaded with the particularity required by Rule 9(b).

Ford contends the complaint fails to comply with Rule 9(b) because plaintiffs fail to allege with particularity what facts Ford should have disclosed, as well as to whom, when and how those facts should have been disclosed.  Pursuant to Rule 9(b), Ford is entitled to notice of "the specific fraudulent conduct against which [it] must defend."  See Bly-McGee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001).  Put another way, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."  See, e.g., Vess, 317 F.3d at 1106 (internal quotation and citation omitted).

Turning first to the "what" requirement, plaintiffs' allegations are deficient in part.  Plaintiffs have sufficiently pleaded the nature of the claimed defect; in essence, plaintiffs allege the subject ignition locks are designed to never fail and that plaintiffs' locks have failed.  Plaintiffs' allegations as to the incidence of such failures are stated only in conclusory terms, however, and thus fail to plead with sufficient particularity what plaintiffs assert should have been disclosed.

As to the "who," "where," "when," and "how" requirements, plaintiffs' allegations are wholly deficient.  Plaintiffs fail to plead any facts indicating the circumstances surrounding the acquisition of their respective vehicles.  Plaintiffs do not allege, for example, from whom, where, and when they acquired such vehicles, nor do they allege how and when Ford should have conveyed to them the claimed concealed information.

Accordingly, the Court will grant Ford's motion to dismiss the action, pursuant to Rule 9(b).[1]

**CONCLUSION**

---

[1] In light of this ruling, the Court does not reach Ford's alternative motion for a more definite statement.

5

1        For the reasons set forth above, Ford's motion to dismiss is hereby GRANTED, and the Second Amended Complaint is DISMISSED with leave to amend.  Plaintiff may file an amended complaint no later than September 22, 2006.

       This order terminates Docket No. 23.

**IT IS SO ORDERED.**

Dated: August 24, 2006

MAXINE M. CHESNEY
United States District Judge