United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Smith, et al., | No. C 06-0497 MMC (JL) |
| Plaintiffs, | |
| v. | **Order adopting Plaintiffs' interpretation of terms of Protective Order** |
| Ford Motor Company, et al., | **(Docket # 79 & 80)** |
| Defendants. | |
| _____/ | |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Maxine M. Chesney) as provided by 28 U.S.C. § 636(b) and Civil Local Rule 72. The motion of Plaintiff to enforce its interpretation of the terms of the parties' stipulated protective order (Docket # 80) came on for hearing April 18, 2007. Jeffrey Fazio and Dina Micheletti (FAZIO MICHELETTI) appeared for Plaintiffs. Christopher D. Catalano (O'MELVENY & MEYERS LLP) appeared for Defendant. The Court considered the moving and opposing pleadings, the oral argument and the record in this case and hereby orders that Plaintiff's motion for an interpretation of the protective order (Docket #80) is granted.

The Court adopts Plaintiffs' interpretation of Section 3 of the Proposed Protective Order. This keeps designated documents confidential for 28 days after the parties initiate the meet-and-confer process, which gives the parties time to meet-and-confer on the

documents at issue and enough time to write and file a motion for a ruling on the confidentiality issues.  Defendant's interpretation of Section 3 would require an unreasonable amount of time, and its motion is denied (Docket #79).

## Background

Plaintiffs claim that the ignition lock cylinder in the 2000-2006 Ford Focus fails at an inordinate rate, as do the replacement parts.  The parties are engaged in discovery.  They agreed to a Stipulated Protective Order after negotiating its terms from a model order created by Plaintiffs.  At issue here is the interpretation of one sentence in Section 3 of the Stipulated Protective Order:

> "The material shall continue to be treated as Confidential Material until the expiration of twenty-eight (28) business days from the date of the meet and confer or, in the event the designating party applies to this Court for a ruling on the matter within that 28-day time period, until the Court rules that it is not Confidential Material."

## Issue

Ford claims that the current language of the Protective Order means it does not need not apply to the court for a ruling on whether documents are entitled to confidential treatment until 28 days *after* the meet-and-confer process has *concluded.*  Then it would have 28 more days to file such a motion.

Plaintiffs disagree; they believe that a motion for ruling on the confidentiality designation should be filed within 28 days of the *beginning* of the meet-and-confer process.

## Argument

Plaintiffs' interpretation is in line with a model Protective Order they drafted —which is on the Santa Clara County Superior Court's Complex Litigation Division website, *see* www.sccomplex.org— and with all drafts except the draft the parties stipulated to.

Plaintiffs contend the change was made by Defendant without red-lining or comment while the parties were negotiating a separate issue in the Protective Order.  The parties had agreed to change the Protective "Confidential" period from 14 days to 28 days.  But Ford also changed the phrase "from the date on which the designation was initially

1  challenged" to "from the date of the meet-and-confer." Plaintiffs contend they did not notice
2  the change because they believed that another part of the Protective Order was changed
3  as the parties had agreed to such changes in that other section. During negotiation,
4  Defendant had "red-lined" changes, but it did not red-line the change to Section 3.

5  Plaintiffs unwittingly agreed to the changed Protective Order with the new, arguably
6  ambiguous, change in language — even though they did not specifically note the change.
7  Plaintiffs claim that they had not agreed to this change and in fact specifically rejected a
8  similar proposed change during earlier negotiations.

## Analysis

Ultimately, the burden to support a designation of confidentiality rests with the designating party, here, the Defendant. *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 306 (N.D. Cal. 2005).

To meet-and-confer over each of the documents would require weeks of time (Defendant estimates that during one 8-hour session the parties could discuss 300 documents, thus requiring as many as 100 sessions to discuss all 30,000 documents at issue).

The point of the limit on motions to challenge a designation of confidentiality is to allow for timely conferences to encourage the parties to resolve their differences without unnecessary use of the Court's time. If the meet-and-confer process has concluded when such a motion is brought, then the purpose of the 28 day limit is served. If the time were interpreted as beginning to run when the meet-and-confer process is initiated then it logically allocates time for the parties to meet-and-confer before seeking a ruling from the Court. But extending the time for motions until 28 days after the meet-and-confer process concludes does not make sense and would unreasonably delay the process.

## Conclusion

Plaintiffs' interpretation of the Protective Order is adopted. Once the meet-and-confer process has been initiated (i.e., the first meeting held or the first communication sent) the designated material remains confidential for 28 days before the designating party

1 must move for an order deeming the documents confidential.  This will match the initial
2 drafts and move the process along more quickly.
3     IT IS SO ORDERED.
4 DATED: May 11, 2007

_____
JAMES LARSON
Chief Magistrate Judge