Jeffrey L. Fazio (146043) (jlf@fazmiclaw.com)
Dina E. Micheletti (184141) (dem@fazmiclaw.com)
**FAZIO | MICHELETTI LLP**
2410 Camino Ramon, Suite 315
San Ramon, CA 94583
T: 925-543-2555
F: 925-369-0344

Attorneys for Plaintiff
Robert Smith and Rebecca Klein,
on behalf of themselves and
all others similarly situated

Warren E. Platt (154086) (wplatt@swlaw.com)
Robert J. Gibson (144974) (hgibson@swlaw.com)
**SNELL & WILMER LLP**
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626-7689
T: 714-427-7000
F: 714-427-7799

Attorneys for Ford Motor Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD SMITH and REBECCA KLEIN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: C-06-00497-MMC-JL<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER** |

Honigman Miller Schwartz and Cohn LLP
2290 First National Building, 660 Woodward Avenue
Detroit, Michigan 48226
(313) 465-7000

DETROIT.3347430.1

Plaintiffs Richard Smith and Rebecca Klein and Defendant Ford Motor Company ("Ford"), by and through their respective attorneys of record, hereby stipulate to the entry of the following Stipulated Confidentiality Agreement and Protective Order (the "Order"):

1. **Terms**

"Confidential Information" is information that is entitled to protection from public disclosure under applicable law.

"Document(s)" shall mean and include any "writings" or "recordings" as those terms are defined in Rule 1001(1) of the Federal Rules of Evidence.

(a) "Confidential Material" means all Documents (or portions of Documents), tangible items and/or testimony (or portions of testimony), and all copies thereof, that are produced by a party to the above-captioned litigation ("this action"), or non-party producing documents in response to a subpoena issued in this action ("subpoenaed entity"), and that contain "Confidential Information."

(b) "Competitor" means any person or legal entity other than Ford who is engaged in the automobile industry, either as an end-manufacturer or manufacturer or supplier of ignition-related components or lock systems. The term "competitor" shall also include any person or legal entity if counsel for plaintiffs knows that such person or legal entity is employed by or expects to be employed by any competitor of Ford.

2. **Designation**

DETROIT.3347430.1

2

1    (a)    Confidential Material may be designated as such by stamping "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER IN SNYDER v. FORD MOTOR COMPANY" or similar statement on the Confidential Material, or using another reasonable method agreed to in writing by the parties. In the event a Document consists of both Confidential Information and non-Confidential Information, only those portions containing Confidential Information are restricted from disclosure

(b)    A party or subpoenaed entity may, on the record of a deposition or by written notice to opposing counsel not later than thirty business days after receipt of the deposition transcript, designate any portions of a deposition (including exhibits not previously designated) as Confidential Material, based on a good faith determination that any portions so designated contain Confidential Information. To the extent possible, any portions so designated shall be transcribed separately, and marked by the court reporter as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER IN SNYDER v. FORD MOTOR COMPANY." To the extent a party wishes to file such portions with the Court, they shall be filed under seal. Until expiration of the 30 business day period, the entire deposition transcript (including exhibits not previously designated as Confidential Material), shall be treated as Confidential Material. In the event a deposition transcript contains Confidential Information, only those portions containing Confidential Information are restricted from disclosure.

(c)    No party concedes that Confidential Material marked by another party or the Court Reporter, does, in fact, contain Confidential Information.

Honigman Miller Schwartz and Cohn LLP.
2290 First National Building, 660 Woodward Avenue
Detroit, Michigan 48226
(313) 465-7000

DETROIT.3347430.1

### 3. Challenge to Designation[1]

(a) If a party disagrees with the confidential designation of Confidential Material, the party will identify the particular material by Bates number and provide the basis for the challenge to the designating party or subpoenaed entity in writing. The parties and/or subpoenaed entity shall meet and confer in an attempt to resolve the dispute in good faith on an expedited and informal basis. If the parties are unable to resolve their differences in the context of the meet-and-confer process, the specificity of the objection(s) to the designation(s) of Confidentiality need be no greater than the designation(s) itself. (For example, if the designation of Confidentiality consists of an assertion that 1,000 pages of material constitute a "trade secret" (without explaining why), the objection need only consist of an assertion that the materials do not constitute a trade secret. Conversely, if the designating party or subpoenaed entity provides a detailed explanation as to the reason each document is Confidential, the objection shall be similarly detailed.) The material shall continue to be treated as Confidential Material until the expiration of twenty-eight (28) business days from the date of the meet and confer or, in the event the designating party or subpoenaed entity applies to this Court for a ruling on the matter within that 28-day time period, until the Court rules that it is not Confidential Material. The provisions in this section regarding specificity of objection and designation do not limit either party in its submissions to the Court but apply to the meet and confer process.

(b) The burden is on the designating party or subpoenaed entity to establish that a challenged document contains Confidential Information. The showing a party or subpoenaed

---

[1] The parties acknowledge that this section (#3) has been interpreted by the Court in its order of May 11, 2007 (docket number 96). The parties agree that the Court's prior order continues to control the interpretation of this agreement.

Honigman Miller Schwartz and Cohn LLP
2290 First National Building, 660 Woodward Avenue
Detroit, Michigan 48226
(313) 465-7000

DETROIT.3347430.1

entity must make to maintain a designation of Confidential Information is determined by applicable law. Nothing in this Protective Order, nor the fact that the parties have entered into a pre-existing Protective Order, is intended to diminish the designating party's or subpoenaed entity's burden of demonstrating that a Document contains Confidential Information.

(c)  A party shall not be obligated to challenge the propriety of the designation of Documents as Confidential Material at the time of production, and failure to do so shall not preclude a subsequent challenge to the designation.

(d)  In no event shall a party's decision to refrain from challenging Confidential Material be construed to mean that the party does, in fact, agree with the designating party that such material contains Confidential Information.

### 4. Limited Use of Confidential Material

Confidential Material and the portion of all writings, including the portion of pre-trial court papers, that quote from, summarize, or comment upon such Confidential Material shall be treated as provided for below, and used solely to litigate this action, by actively engaged counsel of record in this matter and including members of their respective law firms, and in-house counsel and any other attorney associated to assist in the litigation of this action.

### 5. Not Applicable to Trial

This Order does not apply to the offer or admission into evidence of Confidential Material or the contents thereof at trial or in any evidentiary hearing, nor does it apply for any other purpose under the federal Rules of Evidence. Such evidentiary issues may be raised as a separate matter upon the motion of any party at the time or trial or evidentiary hearing..

### 6. Filing Under Seal

All requests to file documents under seal must comply with Local Rule 79-5. Confidential Material filed with or presented to any Court shall be filed and/or presented under seal and with notation of the application of this Order. The Clerk of Court, and any court reporter, shall keep all such documents under seal until further Order of the Court. Any use by the Court of any Confidential Material shall be held under seal unless the Court orders otherwise.

### 7. Disclosure of Confidential Material

Confidential Material may NOT be shown, disseminated, or disclosed except to the following persons:

(a) all attorneys of record for the parties who are actively engaged in this action, including members of their respective law firms, and in-house counsel and any other attorney associated to assist in the litigation of this action;

(b) employees of counsel for the parties who are actively engaged in this action and who are assisting in the litigation of this action;

(c) experts retained by the parties for this action;

(d) this Court, its staff, witnesses, and the jury in this action;

(e) persons operating video recording equipment at depositions;

(f) employees of the party designating Confidential Material;

(g) persons with prior knowledge of the Confidential Material;

Honigman Miller Schwartz and Cohn LLP
2290 First National Building, 660 Woodward Avenue
Detroit, Michigan 48226
(313) 465-7000

DETROIT.3347430.1

(h)  employees of third party contractors involved in organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including but not limited to computerized litigation support;

(i)  parties to the litigation;

(j)  deponents in a deposition, if they have previous personal knowledge of the Confidential Material or learned of the Confidential Material through another permissible disclosure.

Notwithstanding any provision to the contrary, nothing in this Order shall be deemed to restrict in any manner a party's use or disclosure of its own Confidential Material, nor shall this Order be deemed to restrict in any manner employees of Ford using documents otherwise produced to Ford by its own suppliers or vendors regarding work done by such suppliers or vendors for Ford. In the event a party uses or discloses its own Confidential Material in a manner that the other party believes is inconsistent with the terms of this Protective Order, nothing in this Protective Order shall preclude the other party from using that disclosure as a basis for challenging the Confidential status of that material.

In addition, nothing in this Order shall be construed to permit or allow any party to disclose Confidential Material to a competitor (or agent of competitor) of the designating party or subpoenaed entity.

8. **Agreement by Disclosees**

Before being given access to Confidential Material, each person described in Section 7(a), (b), (c), (e), (h (except those retained by the designating party)), or (i (other than the designating party)) of this Order shall be advised of the terms of this Order, and prior to having

DETROIT.3347430.1

7

access to any Confidential Material, shall be given a copy of this Order, shall execute a Certificate of Acknowledgement in the form attached hereto as "Exhibit A," and submit to the jurisdiction of this Court. The completed Certificates of Acknowledgement will be maintained by counsel for the party who obtained the signatures that appear on them. In no event shall the identities of otherwise undisclosed experts be disclosed by virtue of having signed a Certificate of Acknowledgment.

### 9. Inadvertent Production or Failure to Designate is Not a Waiver

If a party or subpoenaed entity, for whatever reason, fails to designate information as confidential at the time of production, such failure shall not constitute a waiver of the disclosing party's or subpoenaed entity's right to so designate such information. In the event that such a failure to designate occurs, the disclosing party or subpoenaed entity shall upon discovery of the failure promptly notify in writing all parties known to have received the information in question, and provide them with appropriately marked substitute copies of the affected information. Until a receiving party receives such notification, any disclosure made by that party or subpoenaed entity of the information to those not permitted by this Order to have access to the information shall not constitute a violation of this Order. Upon receiving notice of an omitted designation, the recipient party will return all identified unmarked Documents in its possession or in the possession of persons within the recipient party's control, who are not permitted to have such information under the terms of this Order to the designating party or subpoenaed entity within three (3) business days of any written notice requesting their return. A party who disseminates unmarked Confidential Material to third-parties not under that party's control (e.g., government regulators, members of the media, unnamed class members) prior to

Honigman Miller Schwartz and Cohn LLP
2290 First National Building, 660 Woodward Avenue
Detroit, Michigan 48226
(313) 465-7000

DETROIT.3347430.1

8

being advised that the designating party intended that material to be deemed "Confidential" is not required to obtain copies of those documents from those third-parties, or to disclose the names or identities of those third-parties to the designating party or subpoenaed entity. However, the recipient party shall make a good faith effort to promptly identify and notify in writing those third-parties that the documents are considered Confidential Material by the parties or the designating party or subpoenaed entity, whichever is the case. If the parties agree with the Confidential designation of these documents, the notice shall include a statement that the parties request that the documents not be further disseminated or disclosed to the public. If the recipient party does not agree with the Confidential designation or has not formed an opinion on the matter at the time they issue the notice, the notice shall include a statement that the designating party or subpoenaed entity requests that the documents not be further disseminated or disclosed to the public. The recipient party shall notify the designating party or subpoenaed entity of the type of notice sent to these third-parties. In no event shall the recipient party be under any obligation to ensure that these third-parties comply with the designating party's request. The receiving party shall also destroy all copies of the incorrectly labeled information in their possession, custody or control, and, if the party to whom the receiving party disclosed the information is permitted access to such information under this Order, replace them with the substitute copies provided by the disclosing party.

10. **Inadvertent Production of Privileged Material**

In the event that any document protected from disclosure by the attorney-client privilege, work product doctrine, or other privilege (hereinafter, "Privileged Material") is inadvertently produced by any party to this proceeding or subpoenaed entity, the party or

DETROIT.3347430.1

Honigman Miller Schwartz and Cohn LLP
2290 First National Building, 660 Woodward Avenue
Detroit, Michigan 48226
(313) 465-7000

subpoenaed entity claiming privilege may request that the document be returned to them. In the event that such a request is made, the receiving party shall promptly return all copies of the Privileged Material in their possession, custody, or control to the claiming party or subpoenaed entity and shall not retain or make any copies. Inadvertent disclosure of Privileged Material shall not be deemed a waiver of protection with respect to that document or other documents involving similar subject matter. In the event the receiving party disagrees that the material designated as Privileged Material is entitled to such protection, the receiving party may move the Court for an order granting appropriate relief.

### 11. Survival of Terms and Return or Destruction of Confidential Material

The provisions of this Order shall survive the conclusion of this action. Within one hundred twenty (120) days after final conclusion of all aspects of this litigation, Confidential Documents and all copies of same (other than exhibits of record) shall be returned to the party or person or subpoenaed entity that produced the documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than one hundred fifty (150) days after final termination of this litigation.

### 12. Retention of Jurisdiction by Court

The Court shall retain jurisdiction to enforce this Order, make amendments, modifications, and additions to this Order as the Court may, from time to time, deem appropriate, and resolve any disputes about the designation of Confidential Material.

### 13. Documents Produced for Inspection

All documents produced by a party for inspection shall be treated as Confidential Material regardless of whether it is marked as Confidential Material prior to or during the inspection. Upon selection of specified documents or information for copying by the inspecting party, the producing party shall then mark Confidential Material as indicated in Section 2.

### 14. Third-Party Productions

If upon receiving document(s) from a third-party (i.e., a person or legal entity who is not a party to this action), a party believes in good faith that the document(s) should be protected under this Order, that party shall mark the document(s) as Confidential Material as indicated in Section 2 and shall provide notice to the other party within 30 days of receiving the document(s) from the third-party. Each party is responsible for making this determination on their own behalf. For example, under no circumstances shall this Protective Order be interpreted to impose, on Plaintiffs, the duty to determine whether Ford would consider a Document produced by a third-party to be Confidential Material.

### 15. Subpoena by Other Courts or Agencies

If any court or an administrative agency subpoenas or orders production of Confidential Material, the party receiving the request shall immediately give written notice to counsel of the other party and/or any other interested party (i.e., any party who has an interest in protecting the confidential nature of the document). The notice must state the Confidential Material being sought and the time production or other disclosure is required. At no time should any party

disclose or produce Confidential Material without either (1) written approval by counsel for each designating party or (2) further order by a court of competent jurisdiction entered after each designating party has had reasonable notice and opportunity to file objections thereto.

**16. Prohibited Copying**

Documents that should not be copied by anyone (other than counsel of record for consulting with co-counsel, or for submission to the Court) due to the sensitivity of the information contained therein, shall be marked "Copying Prohibited." In the event such a designation is challenged, the burden is on the designating party to proceed according to the procedures set forth in Paragraph 3.

**17. Effective Date**

This Order shall be effective on the date it is executed by counsel for the parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter, including materials produced at any time after commencement of this case.

**18. Consultation**

Prior to making any motion to this Court pursuant to or concerning the Order, counsel contemplating such a motion shall consult in good faith with opposing counsel in an effort to resolve the subject of the motion on a stipulated basis, subject to Court approval as necessary. Any motion to this Court shall state in said motion that the moving party has consulted with the opposing counsel as required herein but that said consultation has been unsuccessful.

### 19. Modification of Order

This Order may not be waived, modified, abandoned, or terminated, in whole or in part, except by written instrument signed by the parties.

### 20. Validity of Order

If any provision of this Order is held invalid or unenforceable for any reason, the remaining provisions shall not be affected and shall remain valid and enforceable.

### 21. Other Prohibited Conduct

All persons that are subject to this Order (including the parties' experts and/or consultants) shall not under any circumstances sell, offer for sale, advertise, or publicize either the Confidential Material or the information contained within the Confidential Material, or the fact that the person has obtained confidential and/or protected information from Ford Motor Company.

### 22. General

Nothing contained in this Stipulated Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

DETROIT.3347430.1

Honigman Miller Schwartz and Cohn LLP
2290 First National Building, 660 Woodward Avenue
Detroit, Michigan 48226
(313) 465-7000

Dated: October 31, 2008  Kerr & Wagstaffe LLP

By: _____
Michael von Loewenfeldt

Attorneys for Plaintiffs
RICHARD SMITH and REBECCA KLEIN

Dated: ~~October~~ November 8, 2008  Honigman Miller Schwartz and Cohn LP

By: _____
Timothy A. Devine

Attorneys for Defendant
FORD MOTOR COMPANY

I attest under penalty of perjury that concurrence in the filing of this document has been obtained from Michael von Loewenfeldt.

Dated: ~~October~~ November 8, 2008  Honigman Miller Schwartz and Cohn LP

By: _____
Timothy A. Devine

Attorneys for Defendant
FORD MOTOR COMPANY

DETROIT.3347430.2

Dated: November 12, 2008						Snell & Wilmer L.L.P.

											By: s/Robert J. Gibson
												Robert J. Gibson

											Attorneys for Defendant
											FORD MOTOR COMPANY

Honigman Miller Schwartz and Cohn LLP
2290 First National Building, 660 Woodward Avenue
Detroit, Michigan 48226
(313) 465-7000

Case 3:06-cv-00497-MCD Document 230 Filed 11/12/2008 Page 15 of 18

15

DETROIT.3347430.3

**PROTECTIVE ORDER**

The Stipulated Confidentiality Agreement and Proposed Protective Order is adopted by the Court as the Protective Order for the case and the parties ordered to comply with this Order.

Dated: November 13, 2008

_____
HON. JAMES LARSON
UNITED STATES MAGISTRATE JUDGE

Honigman Miller Schwartz and Cohn LLP
2290 First National Building, 660 Woodward Avenue
Detroit, Michigan 48226
(313) 465-7000

DETROIT.3347430.1

# EXHIBIT "A"

## Acknowledgment of Protective Order and Agreement To Be Bound

_____states as follows:

1. That s/he resides at _____ in the city and county of _____ and state of _____;

2. That s/he has read and understands the Confidentiality Agreement and Protective Order ("Order") dated _____, entered in Smith et al. v. Ford Motor Company, filed as Case No. C-06-0497 (U.S. District Court, Northern District of California);

3. That s/he

   (a) is engaged as a consultant or expert, or

   (b) has been interviewed by _____ on behalf of _____ in the preparation and conduct of *Smith et al. v. Ford Motor Company,* filed as Case No. C-06-0497 (U.S. District Court, Northern District of California);

4. That s/he agrees to comply with and be bound by the provisions of the Order;

5. That counsel who has been retained by or consulted with her/him has explained the terms thereof;

6. That s/he agrees to consent to the personal jurisdiction of the Court to which this case is assigned for matters to the above-referenced case; and

7. That s/he will not divulge to persons other than those specifically authorized by paragraph 7 of the Order, and will not copy or use, except solely for purposes of this litigation,

DETROIT.3347430.1

16

any Confidential Material or Confidential Information as defined by the Order, except as provided therein.

_____
(name of individual to whom disclosure will be made)

Honigman Miller Schwartz and Cohn LLP
2290 First National Building, 660 Woodward Avenue
Detroit, Michigan 48226
(313) 465-7000

DETROIT.3347430.1

17